# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-417V
Filed: February 4, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CONNIE RUDY, | * | NOT TO BE PUBLISHED |
| | * | |
| Petitioner, | * | Special Master Zane |
| | * | |
| v. | * | Decision on Attorneys' Fees |
| | * | and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Franklin John Caldwell, Jr.,* Maglio, Christopher and Toale, Sarasota, FL, for Petitioner;
*Lynn Elizabeth Ricciardella*, United States Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

In October 2012, Petitioner's counsel provided a draft Application for Attorneys' Fees and Costs to Respondent, requesting a total of $13,961.22. Subsequently, after informal discussions, Petitioner's counsel reduced the amount requested and asks for a decision awarding a lump sum of $12,742.02 for attorneys' fees and costs, to which Respondent does not object. In accordance with General Order #9, Petitioner's counsel represents that Petitioner has incurred no out-of-pocket expenses in connection with this litigation. In accordance with 42 U.S.C. §§ 300aa–15(b) and (e)(1), the undersigned hereby awards the amount to which Respondent does not object.

On June 26, 2012, Petitioner, Connie Rudy, filed a petition seeking compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-10, *et seq.*, as amended

---

[1] The undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No.107-347, §205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. §3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire ruling will be available to the public. Id.

1

("the Vaccine Act"), alleging that she suffered from Guillain-Barré Syndrome ("GBS") as a result of the influenza vaccination she received on October 26, 2010.

Although Respondent did not concede the claim, the parties, nonetheless, settled the matter, and an award of compensation was made. A decision awarding compensation based upon the parties' stipulation was entered on November 21, 2012. Because Petitioner has been awarded compensation, Petitioner is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned also finds that the agreed upon amount of $12,742.02 in attorneys' fees and costs is reasonable based on the stage at which this matter was settled.

Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the Petitioner's unopposed request as outlined in Petitioner's Petition for Attorneys' Fees and Other Costs. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioner (Connie Rudy) and Petitioner's counsel (Maglio, Christopher and Toale, P.A.) in the amount of $12,742.02 representing attorneys' fees and costs.**

The Court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/ Daria J. Zane_
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.